# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD BRET THOMAS, | No. 2:18-CV-1711-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| J. WALTERS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are Plaintiff's complaint (ECF No. 1) and Plaintiff's motion for appointment of counsel (ECF No. 3). Plaintiff alleges Defendants violated his Eighth Amendment right against cruel and usual punishment, Fourteenth Amendment due process rights, his First Amendment rights, and his rights under the American's with Disabilities Act (ADA). Plaintiff's claims are largely unclear and at times fanciful. For the reasons set forth below Plaintiff's complaint is dismissed without prejudice and his motion for appointment of counsel is denied.

/ / /

/ / /

/ / /

/ / /

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

/ / /
/ / /
/ / /
/ / /

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named 17 defendants: (1) J. Walters, (2) R. Santisteban, (3) C. Szmanski, (4) D. English, (5) F. Holms, (6) N. Rushing, (7) L. Saeteurn, (8) Q. Tran, (9) Price, (10) C. Halloran, (11) Escobar, (12) Barba, (13) T. Miller, (14) M. Miranda, (15) Pedroza, (16) Maan, and (17) Hong. Plaintiff asserts four claims against these defendants related to events that occurred on separate dates or during separate time periods. First, Plaintiff alleges on November 12, 2017, he had a seizure, and while being taken from the yard, was attacked and assaulted by prison guards in order to allow the E-Yard nurse to prick his finger for blood. Plaintiff asserts this was a violation of his Eighth Amendment rights and his Fourteenth Amendment rights. Plaintiff, however, fails to identify the defendants involved in this alleged incident. Second, Plaintiff alleges since October 7, 2015, he has been the victim of a conspiracy, torture, discrimination, and subject of the falsification of medical records in violation of the ADA, the Fourteenth Amendment, and the Eighth Amendment. Plaintiff again fails to identify the defendants involved in these alleged violations. Third, Plaintiff alleges on December 5, 2017, he was written up in retaliation for filing a complaint against Walters, Santisteban, Szmanski, English, Holmes, Rushing, Tran, Saeteurn, and "two nurses". Plaintiff however fails to note who wrote him up. Plaintiff also alleges that Halloran, Escobar, Barba, Walters, Miller, and Miranda, read his mental health report without his consent. Plaintiff alleges these acts are violations of his First, Fourteenth, and Eighth Amendment rights. Fourth, Plaintiff alleges that on October 7, 2015, he was removed from the EOP to D-Yard and this move, and other acts, are a part of a conspiracy not to treat Plaintiff's illness in violation of the Eighth and Fourteenth Amendments.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# III. ANALYSIS

### A. Claim 1: Alleged Eighth and Fourteenth Amendment Violations on November 12, 2017

Plaintiff alleges on November 12, 2017, he had a seizure, and while being taken from the yard, was attacked and assaulted by prison guards in order to allow the E-Yard nurse to prick his finger for blood. The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff has failed to identify the defendants who allegedly violated his Eighth and Fourteenth Amendment rights. For that reason, the pleading standard and fair notice requirement has not been met. Thus, Plaintiff's claims cannot proceed. The Court also notes it is unclear what Plaintiff's Fourteenth Amendment clam is, and reminds Plaintiff that he must state the claim plainly with supporting factual allegations for it to pass screening. Plaintiff will be provided leave to amend.

///
///
///
///

**B. Claim 2: Alleged ADA, Eighth, and Fourteenth Amendment Violations Since October 7, 2015**

Plaintiff alleges since October 7, 2015, he has been the victim of a conspiracy, torture, discrimination, and subject of the falsification of medical records in violation of the ADA, the Fourteenth Amendment, and the Eighth Amendment.

Here, Plaintiff has again failed to identify the defendants who allegedly violated his rights under the ADA, Eighth, and Fourteenth Amendments. For that reason, the pleading standard and fair notice requirement has not been met. Thus, Plaintiff's claims cannot proceed. Additionally, the Court notes that Plaintiff's claim lacks clarity and reminds Plaintiff that each alleged violation—of the ADA, Eighth Amendment, and Fourteenth Amendment—must be alleged plainly and directly and supported by specific factual allegations. Plaintiff will be provided leave to amend.

**C. Claim 3: Alleged First, Eighth, and Fourteenth Amendment Violations on December 5, 2017**

Plaintiff alleges on December 5, 2017, he was written up in retaliation for filing a complaint against Walters, Santisteban, Szmanski, English, Holmes, Rushing, Tran, Saeteurn, and "two nurses." Plaintiff, however, failed to allege which defendant gave him the retaliatory write up. For that reason, this Court cannot determine which, if any, of the named defendants committed the alleged act. Thus, the pleading standard and fair notice requirement has not been met.

Further, Plaintiff alleges that Halloran, Escobar, Barba, Walters, Miller, and Miranda, read his mental health report without his consent. However, it is unclear which right Plaintiff alleges this violates. Plaintiff simply states that the above-named defendants read his mental health reports but fails to connect the alleged act with a violation on any constitutional right. Plaintiff is again reminded to take note of the pleading requirements outlined above, to state his claim plainly and support it with factual allegations. For these reasons this claim cannot proceed. Plaintiff will be provided an opportunity to amend.

///

### D. Claim 4: Alleged Eighth and Fourteenth Amendment Violations Related to Removal from EOP

Plaintiff alleges that on October 7, 2015, he was removed from the EOP to D-Yard and contends that this move, and other acts, are a part of a conspiracy not to treat Plaintiff's illness in violation of his Eighth and Fourteenth Amendment rights. The only defendant alleged to have been involved in his removal from the EOP to D-Yard is Pedroza.

Turning first to Plaintiff's eighth amendment claim, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Here, Plaintiff has pleaded no facts indicating that Pedroza acted objectively unreasonably such that it resulted in a denial of the minimal civilized measure of life's necessities, nor has he pleaded any facts indicating that Pedroza subjectively acted unnecessarily for the purpose of inflicting harm. For that reason, his Eighth Amendment claim against Pedroza is not cognizable.

///

///

It is unclear what Plaintiff's remaining claims are in this section of his complaint. Plaintiff states that he did not receive medication, discusses alleged fabrications related to a debt, racial slurs, and other "conspiracies" but does not connect any of these allegations to a violation of his constitutional rights. Thus, this claim fails to meet the pleading requirement and cannot pass screening. Plaintiff is once more reminded of his need to comply with the pleading standard outlined above. Plaintiff will be afforded an opportunity to amend.

## IV. AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

///

# V. MOTION FOR APPOINTMENT OF COUNSEL

Pending before the court is plaintiff's motion for the appointment of counsel (Doc. 3). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff asserts that he requires the appointment of legal counsel because he suffers from major seizures that prevent him from reading and writing on a daily basis, because he is confined to a wheelchair and must wear a helmet for protection, and because he has a temporary inmate assistant. Plaintiff's pre-written form motion also states that he is either illiterate or a non-English speaker.

The Court looks first to Plaintiff's likelihood of success on the merits. Plaintiff makes no argument in his motion that he will likely be successful on the merits of this specific case. This Court's review of the complaint found that all of Plaintiff's claims are not cognizable as currently pleaded. Plaintiff's claims are largely unclear and generally fail to meet the pleading standard. For that reason, it cannot be said that Plaintiff will likely be successful on the merits of

8

his claims.

The Court looks second to Plaintiff's ability to articulate his claims on his own in light of the complexity of the legal issues involved. Though Plaintiff has failed to compose a clear complaint that satisfies the pleading standard, he does not seem incapable of articulating his claims generally. There is no evidence that indicates Plaintiff's seizures prevent him from composing a complaint properly outlining constitutional violations and supporting those alleged violations with factual assertions. Further, despite Plaintiff's motion stating that he is illiterate or a non-English speaker, there is absolutely no evidence to support either contention. In fact, all the evidence supports the notion that Plaintiff is both literate and an English speaker—as he composed a complaint, properly filling out the necessary blank areas, and composed this motion, again properly filling out the necessary blank areas. Additionally, Plaintiff's potential claims are not so complex as to warrant the need of appointed counsel. Thus, Plaintiff has not made an adequate showing that he is entitled to appointed counsel.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Doc. 3) is denied;
2. Plaintiff's complaint is dismissed with leave to amend; and
3. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order

Dated: January 15, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE