**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD BRENT THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>J. WALTERS, et al.,<br><br>Defendants. | No.  2:18-CV-1711-KJM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are defendants' partial motion to dismiss (ECF No. 27).

**I.  BACKGROUND**

Plaintiff is an inmate within the California Department of Corrections and Rehabilitation system. On February 1, 2019, plaintiff submitted a first amended complaint, alleging to have suffered mistreatment by employees at the California Health Care Facility in Stockton, California. See ECF No. 13.

/ / /

/ / /

/ / /

On November 12, 2017, plaintiff went to E-yard and suffered a seizure. Plaintiff claims several officers were standing around him when he awoke. E-yard nurses responded to Plaintiff's situation and he refused medical treatment. See ECF No. 13, pg. 5. Sergeant Walters intervened, and directed two officers to push Plaintiff back to D-yard. See id. at 5-6. Plaintiff claims he had a second seizure, and an unidentified nurse stated that it was time to take plaintiff's blood. See id. at 6. Plaintiff refused, and allegedly an altercation ensued. See id. Defendants Walters, Holmes, Santisteban, Szmanski, English, Rushing, Tran, and Saeturn then purportedly attacked plaintiff and forced him to the ground to have his blood drawn. See id.

On July 1, 2019, the Court found that plaintiff's amended complaint raised three claims:

> . . . (1) Defendants Jane Doe 1, Jane Doe 2, Walters, Holmes, Santisteban, Szmanski, English, Rushing, Tran, and Saeturn violated Plaintiff's Eighth and Fourteenth Amendment rights by forcibly taking his blood and beating him; (2) Defendants Walters, Halloran, Escobar, Barba, Miller, Miranda, Tong, and De Jesus violated Plaintiff First Amendment rights by retaliating against him for filing CDCR grievances; and (3) Defendant Price violated Plaintiff Fourteenth Amendment equal protection right by discriminating against him on the basis of his race when Price used racial slurs against Plaintiff and asked "why don't you just die."

ECF No. 14, pg. 2.

On August 14, 2019, the Court directed service of process by the United States Marshal. See ECF No. 17. All defendants except defendants Price and Santisteban have been served. Process directed to defendants Price and Santisteban was returned unexecuted on December 19, 2019. See ECF Nos. 23 and 26.

On December 30, 2019, defendants Barba, De Jesus, Miranda, English, Halloran, Rushing, Escobar, Walters, Tong, Tran, Miller, Holmes, and Saeturn submitted the pending motion to dismiss plaintiff's Fourteenth Amendment claims on the grounds that the Due Process Clause of the Fourteenth Amendment does not guarantee plaintiff protection from blood tests. See ECF No. 27. On January 22, 2020, plaintiff submitted his opposition to the motion to dismiss. See ECF No. 31. On January 24, 2020, defendants Szmanski filed a notice of joinder in defendants' motion to dismiss. See ECF No. 32. Also on January 24, 2020, all defendants submitted a single

2

reply to plaintiff's opposition. See ECF No. 33. On February 7, 2020, plaintiff submitted an unauthorized sur-reply to defendant's reply. See ECF No. 34. The Court now reviews defendants' motion to dismiss.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

3

defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III. DISCUSSION

Defendants argue that plaintiff's November 12, 2017, allegations are insufficient to state a due process claim, or any other Fourteenth Amendment claim. The Court disagrees.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at

1405.  An allegation of improper use of power by public officers may be construed as alleging a substantive due process violation under § 1983. See County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (holding that substantive due process protects against arbitrary governmental action).

Here, defendants argue that plaintiff's allegations concerning the drawing of plaintiff's blood on November 12, 2017, did not raise a cognizable Fourteenth Amendment claim. Defendants' argument, in its entirety, is as follows:

> The Court determined that Plaintiff raised a cognizable Fourteenth Amendment claim premised on the November 12, 2017 blood draw. (ECF No. 14 at 2:22.) However, the Fourteenth Amendment does not afford any protection from a blood draw. Schmerber v. California, 384 U.S. 757, 760-61 (1966). More recently, in Polk v. Placer County Sheriff, No. CIV-S-07-0575-MCE-KJM, 2007 WL 1725478 at *2 (E.D. Cal. June 14, 2007), the court screened plaintiff's claim premised on a forced blood sample. Id. There, plaintiff claimed that he was forced to give a blood sample to police officers and the court expressly directed plaintiff to consult Schmerber in deciding to screen the amended complaint entirely. Id. Plaintiff's allegations concerning an alleged blood draw in this case are not meaningfully distinguishable. There are no allegations that the blood draw was conducted in a manner that was medically improper, nor are there allegations that the draw was conducted nefariously. Plaintiff's pleading indicates that he was under the stress of a seizure, and that nurses elected to conduct a blood draw in evaluating his condition. (Am. Compl. at 6.) Consequently, Plaintiff's allegations concerning the alleged blood draw are not cognizable under the substantive or procedural due-process clause. See Hamilton v. Brown, 630 F.3d 889, 896-97 (9th Cir. 2011); see also Yusov v. Martinez, No. 00-CIV-5577-NRB, 2000 WL 1593387 at * 4-5 (S.D.N.Y. Oct. 24, 2000). [. . .]

ECF No. 27-1, pg. 3.

The Court is not persuaded by defendants' argument. Defendants' broad interpretation of Schmerber is unfounded. In Schmerber, the Supreme Court held that the extraction of blood from an individual in a simple, medically acceptable manner, despite the individual's refusal to consent, does not implicate the Due Process Clause.  See Schmerber v. California, 384 U.S. 757, 759-60 (1966).  The Supreme Court noted: "the extraction was made by a physician in a simple, medically acceptable manner in a hospital environment." Id. However, "[i]t would be a different case if the [officers] initiated the violence, refused to respect a reasonable request to undergo a different form of testing, or responded to resistance with inappropriate force." Id. at n.4. Defendants also cite an Eastern District of California case, Polk v.

5

Placer Cty. Sheriff, No. CIV S-07-0575 MCE KJM P, 2007 U.S. Dist. LEXIS 45826, at *4-5 (E.D. Cal. June 13, 2007). However, that case merely mentions that reviewing Schmerber would be useful in discerning Fourteenth Amendment claims relating to blood draws by public officers.

Here, plaintiff alleges that, after verbally refusing to have his blood drawn, the officers in question physically beat him and pinned him to the ground. See ECF No. 13, pg. 6. They then forced his hand in place and allowed the medical staff to draw his blood without his consent. Id. Despite this, defendants claim that the blood draw was neither "medically improper" nor "conducted nefariously." ECF No. 27-1, pg. 3. Clearly, there is a factual dispute as to the events of November 12, 2017. However, at this stage, the Court must construe all of plaintiff's allegations as true. As such, the Court takes as true plaintiff's claim that the officers physically attacked him and restrained him on the prison floor for no discernable reason aside from a verbal refusal to allow his blood to be drawn. Therefore, the Court finds that the factual allegations in this case are distinguishable from those in Schmerber and are sufficient to proceed.

### IV.  CONCLUSSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (ECF No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 14, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE