**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD BRENT THOMAS, | No.  2:18-CV-1711-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. WALTERS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Defendants Barba, De Jesus, Holmes, Szmanski, Miranda, English, Halloran, Tran, Rushing, Escobar, Tong, Walters, and Miller's motion for partial summary judgment, ECF No. 45, Plaintiff's opposition, ECF No. 48, and Defendants' reply, ECF No. 49.

**I. BACKGROUND**

This action proceeds on Plaintiff's first amended complaint.  See ECF No. 13. Plaintiff named the following as defendants:  (1) Sgt. J. Walters; (2) R. Santisteban, a correction officer; (3) C. Szmanski, a correction officer; (4) D. English, a correction officer; (5) F. Holmes, a correction officer; (6) N. Rushing, a correction officer; (7) L. Saeteurn, a correction officer; (8) A. Tran, a correction officer; (9) Price, a nurse; (10) C. Halloran, a residential nurse; (11) Escobar, a

1

residential nurse; (12) Barba, a residential nurse; (13) T. Miller, a correction officer; (14) M.

Miranda, a correction officer; (15) Dr. Pedroza; (16) Dr. Maan; (17) Dr. Hong; (18) A. Tong; and

(19) S. De Jesus.  See id.  Defendants Pedroza, Maan, and Hong have been dismissed from the

action.  See ECF No. 14.  Plaintiff alleges that he suffered mistreatment by employees at the

California Health Care Facility in Stockton, California.  See ECF No. 13.  The Court previously

summarized Plaintiff's allegations as follows:

> On November 12, 2017, plaintiff went to E-yard and suffered a seizure.  Plaintiff claims several officers were standing around him when he awoke.  E-yard nurses responded to Plaintiff's situation and he refused medical treatment.  Sergeant Walters intervened, and directed two officers to push Plaintiff back to D-yard.  Plaintiff claims he had a second seizure, and an unidentified nurse exclaimed that it was time to take plaintiff's blood.  Plaintiff refused, and allegedly an altercation ensued. Defendants Walters, Holmes, Santisteban, Szmanski, English, Rushing, Tran, and Saeturn then purportedly attacked plaintiff and forced him to the ground to have his blood drawn.  On July 1, 2019, the Court found that plaintiff's amended complaint raised three claims:

> > (1) Defendants Jane Doe 1, Jane Doe 2, Walters, Holmes, Santisteban, Szmanski, English, Rushing, Tran, and Saeeturn violated Plaintiff's Eighth and Fourteenth Amendment rights by forcibly taking his blood and beating him; (2) Defendants Walters, Halloran, Escobar, Barba, Miller, Miranda, Tong, and De Jesus violated Plaintiff First Amendment rights by retaliating against him for filing CDCR grievances; and (3) Defendant Price violated Plaintiff Fourteenth Amendment equal protection right by discriminating against him on the basis of his race when Price used racial slurs against Plaintiff and asked "why don't you just die."

ECF No. 36, pg. 2 (citing ECF No. 14, pgs. 1-2).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

## II.  THE PARTIES' EVIDENCE

A.      **Defendants' Evidence**

Defendants' motion is supported by sworn declarations of K. Smith, ECF No. 45-4, Defendant De Jesus, ECF No. 45-5, and Howard E. Moseley, ECF No. 45-6.  Each declaration is accompanied by attached exhibits.  The following are the exhibits attached to the declaration of K. Smith:

| | |
|---|---|
| Exhibit A | California Correctional Health Care Services (CCHCS) Health Care Appeals and Risk Tracking System (HCARTS) Report as of November 2019.  ECF No. 45-4, pgs. 6-20. |
| Exhibit B | December 26, 2018, Healthcare Appeal and Response.  ECF No. 45-4, pgs. 21-34. |
| Exhibit C | May 30, 2018, Healthcare Appeal and Response.  ECF No. 45-4, pgs. 35-51. |
| Exhibit D | May 10, 2018, Healthcare Appeal and Response.  ECF No. 45-4, pgs. 52-63. |
| Exhibit E | May 22, 2018, Healthcare Appeal and Response.  ECF No. 45-4, pgs. 64-75. |
| Exhibit F | May 10, 2018, Healthcare Appeal and Response.  ECF No. 45-4, pgs. 76-87. |

Next are the exhibits attached to the declaration of Defendant De Jesus:

| | |
|---|---|
| Exhibit A | Inmate Appeals Tracking System Printout for Plaintiff's Appeals.  ECF No. 45-5, pgs. 6-7. |
| Exhibit B | December 6, 2017, Inmate Appeal and Response.  ECF No. 45-5, pgs. 9-14. |
| Exhibit C | April 10, 2018, Inmate Appeal and Response.  ECF No. 45-5, pgs. 15-38. |
| Exhibit D | December 17, 2018, Inmate Appeal and Response.  ECF No. 45-5, pgs. 39-45. |
| Exhibit E | June 18, 2018, Inmate Appeal and Response.  ECF No. 45-5, pgs. 46-53. |
| Exhibit F | October 3, 2018, Inmate Appeal and Response.  ECF No. 45-5, pgs. 54-65. |
| Exhibit G | October 17, 2018, Inmate Appeal and Response.  ECF No. 45-5, pgs. 66-73. |

3

Exhibit H                  October 30, 2018, Inmate Appeal and Response.  ECF No. 45-5, pgs. 74-79.

Exhibit I                   December 6, 2018, Inmate Appeal and Response.  ECF No. 45-5, pgs. 75-121.

Lastly are the exhibits attached to the declaration of Howard E. Moseley:

Exhibit A                Appeal History Report.  ECF No. 45-6, pgs. 6-7.

Exhibit B                Plaintiff's May 3, 2018, Appeal and the Office of Appeal Response.  ECF No. 45-6, pgs. 8-31.

Exhibit C                Plaintiff's January 16, 2018, Appeal and the Office of Appeal Response.  ECF No. 45-6, pgs. 32-39.

Exhibit D               Plaintiff's July 11, 2018, Appeal and the Office of Appeal Response.  ECF No. 45-6, pgs. 40-49.

In addition, Defendants properly include a Statement of Undisputed Facts alongside their motion for partial summary judgment in which they state the following:

1.     At all times relevant to the allegations in the First Amended Complaint (FAC), Plaintiff Clifford Brent Thomas (H-87464) was a state inmate incarcerated at the California Healthcare Facility in Stockton, California.

2.     At all times relevant to the allegations in the FAC, Defendants Walters, Szmanski, English, Holmes, Rushing, Saeturn, Tran, Miller, Miranda, Tong, and De Jesus were employed at CHCF as custody staff.

3.     At all times relevant to the allegations in the FAC, Defendants Barba, Halloran, and Escobar were employed at CHCF as medical staff.

4.     In the FAC, Plaintiff claims he suffered a seizure on November 12, 2017.

5.     Plaintiff claims that E-yard nurses approached him and offered him medical treatment, including a blood draw.

6.     Plaintiff claims Defendant Walters instructed staff to beat Plaintiff following his seizure on November 12, 2017.

7.     Plaintiff claims Defendants Walters, Halloran, Escobar, Miller, Tong, De Jesus, and Miranda conspired to write a Rules Violation Report falsifying Plaintiff's November 24, 2017 seizures.

8.     CHCF has an inmate grievance process for custody appeals and for healthcare appeals. An inmate must process his relevant grievance through the final level of review in order to exhaust his administrative remedies.

4

9.      From the month of alleged conduct in the FAC (November 2017) through the date Plaintiff filed the FAC (February 2019), the Third Level of Appeals accepted and adjudicated one custody appeal with allegations from CHCF.

10.     From the month of alleged conduct in the FAC (November 2017) through the date Plaintiff filed the FAC (February 2019), Plaintiff submitted five appeals for review at CHCF.

11.     Within grievance log number CHCF-18-00357, Plaintiff alleged that CHCF was violating Title 15 by extracting excessive funds from his trust account.

12.     Within grievance log number CHCF-SC-18000571/CHCF-HC-18003054, submitted on August 10, 2018, Plaintiff claimed that there was an issue with his medication for tooth pain.

13.     Within grievance log number CHCF-HC-18001824/CHCF-SC-18000329/CHCF-SC-18000330, submitted on March 26, 2018, Plaintiff claimed that he had a seizure while on the phone on March 24, 2018. Plaintiff claims the Registered Nurse secured him in his wheelchair so that he would not hit his head on the ground.

14.     Within grievance log number CHCF-HC-18001041, submitted on December 28, 2017, Plaintiff claimed that he received a December 5, 2017 Rules Violation Report because he was having seizures. Plaintiff claims Defendants Walters, Halloran, Escobar, Miller, Miranda, and Barba were involved in this alleged retaliation, but the appeal omits Tong and De Jesus.

15.     Within grievance log number CHCF-SC-17000125/CHCF-HC-17000811 submitted on November 29, 2017, Plaintiff claimed that unidentified staff violated his rights following a seizure on November 12, 2017. Plaintiff contended that his blood was drawn impermissibly.

16.     Within grievance log number CHCF-HC-17000934 submitted on December 14, 2017, Plaintiff requested treatment and pain medication from a non-defendant doctor following an alleged injury sustained on November 12, 2017.

17.     Within the relevant timeframe, Plaintiff failed to process a grievance through the third level identifying each of the custody Defendants and allegations of excessive force and due process on November 12, 2017.

ECF No. 45-3, pgs. 1-3.

/ / /

/ / /

/ / /

**B.**   <u>Plaintiff's Evidence</u>

In response to Defendants' Statement of Undisputed Facts, Plaintiff filed a Statement of Disputed Facts asserting genuine issues of disputed fact.  <u>See</u> ECF No. 48, pgs. 1-9. In support of his opposition, Plaintiff offers his own declaration signed under penalty of perjury, <u>see id.</u> at 17-18, as well as the following exhibits:

| | | |
|---|---|---|
| <u>Exhibit A</u> | | Plaintiff's January 16, 2018, Appeal.  ECF No. 48, pgs. 1-32. |
| <u>Exhibit B</u> | | Plaintiff's Grievances against Defendants Tong and De Jesus.  ECF No. 48, pgs. 33-72. |
| <u>Exhibit C</u> | | Plaintiff's Grievance against Defendants Walters, Halloran, Escobar, Miller, Barbra, and Miranda.  ECF No. 48, pgs. 73-91. |

Because Plaintiff is pro se, the Court "must consider as evidence in his opposition to summary judgment all of [the] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct."  <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004).  Therefore, the Court will also consider as evidence the factual assertions made in Plaintiff's complaint, which is verified.

### III. STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  <u>See</u> Fed. R. Civ. P. 56(a), 56(c); <u>see also</u> <u>Mora v. ChemTronics</u>, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the

moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the

court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.

Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the

judge, not whether there is literally no evidence, but whether there is any upon which a jury could

properly proceed to find a verdict for the party producing it, upon whom the onus of proof is

imposed." Anderson, 477 U.S. at 251.

**IV. DISUCSSION**

Plaintiff alleges that Defendants violated his First, Eighth, and Fourteenth

Amendment rights.  See ECF No. 13, pgs. 5-10.  Defendants argue that Plaintiff failed to exhaust

these claims as to Defendants Walters, Santisteban, Szmanski, English, Rushing, Saeturn, Tran,

Miller, Miranda, Tong, and De Jesus.  See ECF No. 45-2, pgs. 5-8.  The Court agrees.

Prisoners seeking relief under § 1983 must exhaust all available administrative

remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and

held:  (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint

because lack of exhaustion is an affirmative defense which must be pleaded and proved by the

defendants; (2) an individual named as a defendant does not necessarily need to be named in the

grievance process for exhaustion to be considered adequate because the applicable procedural

rules that a prisoner must follow are defined by the particular grievance process, not by the

PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not

all, claims are unexhausted.  The defendant bears the burden of showing non-exhaustion in the

first instance.  See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014).  If met, the plaintiff bears the burden of showing that the grievance process was not available, for example because it was thwarted, prolonged, or inadequate.  See id.

The Supreme Court held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.  Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.  When reviewing exhaustion under California prison regulations which have since been amended, the Ninth Circuit observed that, substantively, a grievance is sufficient if it "puts the prison on adequate notice of the problem for which the prisoner seeks redress. . . ."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (reviewing exhaustion under prior California regulations).

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  The inmate must submit their appeal on the proper form, and is required to identify the staff member(s) involved as well as describing their involvement in the issue.  See Cal. Code Regs. tit. 15, § 3084.2(a).  These regulations require the prisoner to proceed through three levels of appeal.  See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See id.   Departmental appeals coordinators may reject a

1   prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive

2   appeals, use of improper language, failure to attach supporting documents, and failure to follow

3   proper procedures.  See Cal. Code Regs. tit. 15, §§ 3084.6(b).  If an appeal is rejected, the inmate

4   is to be provided clear instructions how to cure the defects therein.  See Cal. Code Regs. tit. 15,

5   §§ 3084.5(b), 3084.6(a).  Group appeals are permitted on the proper form with each inmate

6   clearly identified, and signed by each member of the group.  See Cal. Code Regs. tit 15, §

7   3084.2(h).

8            In certain circumstances, the regulations make it impossible for the inmate to

9   pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

10  n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

11  prison officials as a "staff complaint" and processed through a separate confidential process,

12  prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

13  Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

14  complaint."  See id. at 940.  If there are separate claims in the same grievance for which further

15  administrative review could provide relief, prison regulations require that the prisoner be notified

16  that such claims must be appealed separately.  See id. at 939.  The court may presume that the

17  absence of such a notice indicates that the grievance did not present any claims which could be

18  appealed separate from the confidential "staff complaint" process.  See id.

19           Here, Plaintiff has not properly exhausted his claim concerning the events on

20  November 12, 2017.  Plaintiff alleges excessive force against Defendants Walters, Santisteban,

21  Szmanski, English, Rushing, Saeturn, and Tran for improperly drawing Plaintiff's blood.

22  However, Plaintiff's grievance concerning these allegations was screened out for missing

23  supporting documents.  See ECF No. 45-6, pg. 33.  Plaintiff failed to remedy this deficiency.  See

24  id. at 4.  Therefore, Plaintiff's excessive force claim against Defendants Walters, Santisteban,

25  Szmanski, English, Rushing, Saeturn, and Tran was not exhausted.

26           Additionally, Plaintiff's healthcare grievances do not exhaust his retaliation claim

27  against Defendants Walters, Miller, Miranda, Tong, and De Jesus.  The healthcare-grievance

28  process is only for grievances against medical staff.  There is a separate process for inmates to

10

1    submit custody related grievances.  See ECF No. 45-4, pg. 66.  Defendants Walters, Miller,

2    Miranda, Tong, and De Jesus are not health care staff.  Health care staff do not have jurisdiction

3    over custody staff.  See id.  Therefore, Plaintiff's healthcare grievance did not exhaust Plaintiff's

4    retaliation claims against Defendants Walters, Miranda, Miller, Tong, and De Jesus.

5            In Plaintiff's opposition he argues that "Defendants are not entitled to partial

6    summary judgment because the defendants has [sic] deliberately stoped [sic] Plaintiff's

7    grievances from going pass [sic] the first level, some of them did not file or answer the 602's

8    grievance when it got to the third level."  ECF No. 48, pg. 23.  Plaintiff's argument is inconsistent

9    with the record.  As noted above, the record indicates that Plaintiff's grievances against

10   Defendants Barba, De Jesus, Holmes, Szmanski, Miranda, English, Halloran, Tran, Rushing,

11   Escobar, Tong, Walters, and Miller were screened out for deficiencies and thus were not

12   exhausted.  See ECF No. 45-6, pg. 33; see also ECF No. 45-4, pg. 66.  Therefore, Defendants'

13   motion for partial summary judgment should be granted.

14

15                                       **V. CONCLUSION**

16           Based on the foregoing, the undersigned recommends that:

17           1.      Defendants' motion for partial summary judgment be granted;

18           2.      Defendants Walters, Santisteban, Szmanski, English, Rushing, Saeturn, Tran,

19   Miller, Miranda, Tong, and De Jesus be dismissed;

20           3.      Plaintiff's claims against Defendants Holmes, Halloran, and Barba proceed;

21   and

22           4.      Defendant Price be dismissed without prejudice due to an unexecuted

23   summons.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 7, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE