1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    CLIFFORD BRENT THOMAS,                No.  2:18-CV-1711-DAD-DMC-P

12                 Plaintiff,

13         v.                              ORDER

14    F. HOLMES, et al.,

15                 Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions to compel Defendants to

19    produce surveillance footage he requested in discovery.  See ECF Nos. 62, 63 and 66.

20              The purpose of discovery is to "remove surprise from trial preparation so the

21    parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

22    Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Federal

23    Rules of Civil Procedure offers guidance on the scope of discovery permitted:

24              Parties may obtain discovery regarding any nonprivileged
                information that is relevant to any party's claim or defense and
25              proportional to the needs of the case, considering the importance of
                the issues at stake in the action, the amount in controversy, the
26              parties' relative access to relevant information, the parties'
                resources, the importance of the discovery in resolving the issues,
27              and whether the burden or expense of the proposed discovery
                outweighs its likely benefit. Information within this scope of
28              discovery need not be admissible in evidence to be discoverable.

                                             1

1

2
Fed. R. Civ. P. 26(b)(1).

3
Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

4
may move for an order compelling an answer, designation, production, or inspection." Fed. R.

5
Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

6
incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

7
discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

8
Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

9
Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

10
The party moving to compel bears the burden of informing the court (1) which

11
discovery requests are the subject of the motion to compel, (2) which of the responses are

12
disputed, (3) why the party believes the response is deficient, (4) why any objections are not

13
justified, and (5) why the information sought through discovery is relevant to the prosecution of

14
this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

15
WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC,

16
2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The party

17
opposing discovery has the burden of showing that the discovery should be prohibited, and the

18
burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM

19
(PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009)

20
(internal citation omitted).

21

22
## I.  SUMMARY OF PENDING DISCOVERY MOTIONS

23
The pending motions relating to discovery and relief requested are:

24
ECF No. 62      Plaintiff seeks an order compelling Defendants to show him the
surveillance footage from November 12, 2017, between 9:10

25
a.m. and 9:50 a.m.; Plaintiff also filed an amended motion
seeking the same relief. See ECF No. 63.  Defendants filed a

26
declaration in response to Plaintiff's motions.  See ECF No. 64.

27
/ / /

28
/ / /

2

1

2

3

4

ECF No. 66      Plaintiff seeks an order compelling Defendants to show Plaintiff the surveillance footage from November 12, 2017 that coincides with Defendants written incident reports. Defendants filed a declaration in opposition to Plaintiff's motion.  See ECF No. 67. Plaintiff filed an opposition to Defendants' opposition, which the Court construes as a reply.  See ECF No. 68.

5

6

7

8

9

10

11

12

13

14

As a preliminary matter, Plaintiff failed to file any briefs or documentary evidence in support of his motion. L.R. 230[1].  Likewise, Defendants filed only the Declaration of David E. Kuchinsky in response, and opposition, to Plaintiff's motions, but did not file a brief to either motion in support of Defendants' position.  See ECF Nos. 64 & 67.  Also, neither party submitted those discovery requests in dispute.  The purpose of submitting the discovery requests at issue is so the Court can determine why the information sought is relevant and why the responding party's objections are not meritorious.  See Manago v. Davey, No. 116CV00399LJOGSAPC, 2017 WL 3896317, at *1 (E.D. Cal. Sept. 6, 2017).  As a result, the Court is presented with nothing more than a few sentences from both parties as to their positions.   Such bare submissions are unhelpful to the Court.

15

16

17

18

19

20

21

22

Nonetheless, even though Plaintiff has not met his burden to inform the court, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious, because Plaintiff is entitled to leniency as a *pro se* litigator, and because the Court has broad discretion in managing discovery and controlling the course of litigation under the Federal Rules of Civil Procedure, the Court will consider Plaintiff's motions and endeavor to resolve his motions on the merits.  See Cortinas v. Huerta, No. 117CV00130AWIGSAPC, 2019 WL 6050833, at *3 (E.D. Cal. Nov. 15, 2019) (citing Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012)).

23

For the following reasons, the Court **denies** Plaintiff's motions.

24

/ / /

25

/ / /

26

/ / /

27

28

---

[1] "'Briefs' include memoranda, points and authorities, and other written arguments, or compilations of authorities."  Local Rule 101.

3

1

## II. DISCUSSION

2          It appears the primary issue in dispute is whether Defendants have produced for

3   Plaintiff's viewing surveillance footage from an incident that allegedly occurred on November 12,

4   2017, which forms the basis for Plaintiff's complaint.  See generally, ECF Nos. 63[2] & 66.  In his

5   first amended motion to compel, Plaintiff claims that he asked his correctional counselor to make

6   arrangements for him to view the video, as Defendants requested, but that the Investigative

7   Services Unit ("ISU") did not respond to his Correctional Counsel's requests.  See ECF No. 63,

8   pgs. 1-2.  Plaintiff requests that the Court order Mrs. G. Jones, the Warden at California Health

9   Care Facility ("CHCF"), to require the ISU to let Plaintiff see the video.[3]  See id., pg. 2.

10          Defendants submit the Declaration of David E. Kuchinsky in response to

11   Plaintiff's first amended motion.  See ECF No. 64.  Mr. Kuchinsky declares that on August 2,

12   2022, he received from the litigation coordinator at CHCF a "general chrono," which indicates

13   that Plaintiff reviewed the video on August 2, 2022, from 12:40 pm to 1:22 p.m., and attaches the

14   chrono as an exhibit to his declaration.  See id., pgs. 2 & 4.  According to Defendants, because

15   Plaintiff has already viewed the video, his motion is moot and should be denied.  See id., pg. 2.

16          Plaintiff concedes in his second motion that he has already seen the video footage

17   from November 12, 2017.  See ECF No. 66, pgs. 1-2. Therefore, the disputed issue in this first

18   motion is resolved and Plaintiff's first motion is moot.  Plaintiff has already seen the video

19   surveillance footage from November 12, 2017, so there is nothing more for the Court to compel

20   in this respect.  For these reasons, Plaintiff's first motion is denied.

21          In his second, but related, motion to compel, Plaintiff alleges that he has "seen a

22   video footage yet it don't [sic] coincide with the Defendants written report, nor does it show the

23   Defendants striking Plaintiff."  ECF No. 66, pgs. 1-2.  Plaintiff argues that the written incident

24   report and the video surveillance footage are not in accord and claims that "there must have been

25   _____

26          [2] The only difference in Plaintiff's original and amended motions is the inclusion of the
log number, CHCF-FACF-17-11-0779, in his amended motion.  See ECF No. 63.

27          [3] The Court cannot issue an order against individuals who are not parties to the action.
See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Neither Ms. Jones

28   nor the ISU are parties to the action; thus, these individuals cannot be subject to such relief, here.

1   misteaks [sic] made [by] Defendants in perparing [sic] their reports" because "all what the

2   Defendants did to Plaintiff was all on video camera"—yet "the video footage Plaintiff seen [sic]

3   shows none of the incident reports." Id., pg. 2.

4          Defendants submit the Declaration of David E. Kuchinsky in opposition to

5   Plaintiff's second motion.  See ECF No. 67.  Mr. Kuchinsky attests that on May 27, 2022, he

6   received Plaintiff's first set of Request for Production of Documents, in which Plaintiff sought

7   production of surveillance video from November 12, 2017.  See id., pgs. 1-2.  He then states that

8   he requested CHCF staff to provide him with "all video footage capturing any portion of the

9   November 12, 2017, incident" at issue.  Id., pg. 2.  Thereafter, Mr. Kuchinsky declares that he

10  was "provided with video footage from November 12, 2017, from 9:10 a.m. to 9:50 a.m.," which

11  was reviewed by Plaintiff on August 2, 2022, from 12:40 pm to 1:22 p.m.  See id.; see also ECF

12  No. 64, pg. 4.  Mr. Kuchinsky further declares that CHCF Staff informed him that they performed

13  a diligent search and reasonable inquiry of the video footage in their possession, custody, and

14  control, but no additional video footage of the incident has been located.  ECF No. 67, pg. 2.

15  Based on this, Defendants claim that "all video footage of the November 12, 2017, incident" has

16  already been produced to Plaintiff and that "no additional video footage exists." Id.

17         On reply, Plaintiff argues that the incident reports do not "coincide" with the video

18  Plaintiff viewed and alleges that Defendants falsified the report and video because "neither of the

19  two match up." ECF No. 68, pg. 2.

20         The Court finds no further production is required. A party has an obligation to

21  conduct a reasonable inquiry into the factual basis of his responses to discovery.  Perkins v. City

22  of Modesto, No. 119CV00126LJOEPG, 2020 WL 1333109, at *9 (E.D. Cal. Mar. 23, 2020)

23  (finding party has obligation to exercise due diligence and make a reasonable inquiry to

24  determine whether responsive documents exist).  Based on that inquiry, a party responding to a

25  request for production is under "'an affirmative duty to seek that information reasonably

26  available' to it and make an appropriate production of responsive documents.'" Hartline v. Nat'l

27  Univ., No. 2:14-CV-00635-KJM-AC, 2018 WL 1014611, at *3 (E.D. Cal. Feb. 22, 2018)

28  (quoting Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992); Kaur v. Alameida, 2007 WL

1     1449723, *2 (E.D. Cal. May 15, 2007) (ordering defendants to conduct additional research for

2     responsive documents and reminding defendants and counsel "of their duty under Rule 34 to

3     conduct a diligent search and reasonable inquiry in effort to obtain responsive documents").

4                    Mr. Kuchinsky avows that the video surveillance footage responsive to Plaintiff's

5     request has not only been produced to Plaintiff, but has been viewed by him.  Furthermore,

6     Defendants claim "all video footage of the November 12, 2017, incident" has already been

7     produced to Plaintiff and "no additional video footage exists."  As such, because all responsive

8     video footage has been produced and viewed by Plaintiff, there is nothing for the Court to

9     compel.  Baker v. Moore, No. 1:12cv00126-LJO-SAB, 2016 WL 796504, at *6 (E.D. Cal. Mar. 1,

10    2016) ("Defendant cannot be compelled to provide copies of documents that do not exist.");

11    Lopez v. Florez, No. 1:08CV01975 - LJO, 2013 WL 1151948, at *3 (E.D. Cal. Mar. 19, 2013)

12    (finding court cannot force a party to produce documents he does not have); see also McGinnis v.

13    Atkinson, No. 1:11cv01337 LJO JLT (PC), 2012 WL 1944801, at *3 (E.D. Cal. May 29, 2012)

14    (denying motion to compel where defendant responded it had provided all responsive documents).

15                   Moreover, signed discovery responses are certifications that, to the best of the

16    person's knowledge, information and belief formed after a reasonable inquiry, the responses are

17    correct.  See Fed. R. Civ. P. 26(g)(1)(B); Logtale, Ltd. v. IKOR, Inc., 2013 WL 3967750, at *2

18    (N.D. Cal. 2013) (requiring counsel to be "proactive in ensuring that his clients are conducting

19    thorough and appropriate document searches").  To the extent that Defendants learn that such

20    information exists, they are under an obligation to supplement discovery responses. See Fed. R.

21    Civ. P. 26(e)(1) ("A party who has . . . responded to an interrogatory, request for production, or

22    request for admission—must supplement or correct its disclosure or response  . . . if the party

23    learns that in some material respect the . . . response is incomplete or incorrect. . . .").[4]

24    / / /

25    / / /

26    _____

27          [4] As the Court does not have Defendants' responses, it is unable to determine whether
      Defendants have responded to Plaintiff's request consistent with their statements here. To the
      extent Defendants have not responded in such a manner, the Court reminds Defendants of their
28    continuing obligation to ensure their responses are complete and accurate.

                                                        6

1    Mere distrust and suspicion regarding discovery responses do not form a legitimate

2    basis to further challenge sufficient responses. See e.g., Gorrell v. Sneath, 292 F.R.D. 629, 632

3    (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2

4    (E.D. Cal. 2007).  Plaintiff is entitled neither to demand additional and/or different evidence in

5    support of discovery responses already provided nor to expand the scope of discovery beyond that

6    sought in the initial discovery request.  See id.  To the extent there exists inconsistencies between

7    the incident report and the video surveillance footage, discrepancies between facts and evidence

8    is not a basis to compel a further response or to attempt to force a party to change a response;

9    rather, it is fodder for a party to attempt to impeach a witness or to contradict testimony at trial

10   and/or dispositive motion.  See Jacobs v. Quinones, No. 1:10-CV-02349-AWI-JL, 2015 WL

11   3717542, at *8 (E.D. Cal. June 12, 2015); Hoffman v. Jones, No. 2:15-CV-1748-EFB P, 2017

12   WL 5900086, at *8 (E.D. Cal. Nov. 30, 2017), report and recommendation adopted, No.

13   215CV1748MCEEFBP, 2018 WL 497370 (E.D. Cal. Jan. 22, 2018).

14   Therefore, no further production is required by Defendants and Plaintiff's second

15   motion is denied.

16

17                                   **III.  CONCLUSION**

18   Accordingly, IT IS HEREBY ORDERED that:

19        1.    Plaintiff's motions to compel discovery, ECF Nos. 62, 63, and 66 are

20   **denied**.

21        2.    The deadline to file dispositive motions is extended to 60 days from the

22   date of this order.

23

24   Dated:  May 4, 2023

25                                        _____
                                          DENNIS M. COTA
26                                        UNITED STATES MAGISTRATE JUDGE

27

28

                                             7