IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD BRENT THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>ESCOBAR,<br><br>        Defendant. | No. 2:18-CV-1711-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant Escobar's unopposed motion for summary judgment. See ECF No. 83.

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the

///

moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the

2

court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

## I. BACKGROUND

### A. Procedural History

This action proceeds on Plaintiff's first amended complaint. See ECF No. 13. Plaintiff named the following as defendants: (1) Sgt. J. Walters; (2) R. Santisteban, a correction officer; (3) C. Szmanski, a correction officer; (4) D. English, a correction officer; (5) F. Holmes, a correction officer; (6) N. Rushing, a correction officer; (7) L. Saeteurn, a correction officer; (8) A. Tran, a correction officer; (9) Price, a nurse; (10) C. Halloran, a residential nurse; (11) Escobar, a residential nurse; (12) Barba, a residential nurse; (13) T. Miller, a correction officer; (14) M. Miranda, a correction officer; (15) Dr. Pedroza; (16) Dr. Maan; (17) Dr. Hong; (18) A. Tong; and (19) S. De Jesus. See id. Plaintiff alleges that he suffered mistreatment by employees at the California Health Care Facility in Stockton, California. See ECF No. 13.

Defendants filed their answer on April 21, 2021. See ECF No. 42. On June 15, 2021, Defendants filed a motion for summary adjudication based on failure to exhaust administrative remedies. See ECF No. 45. That motion was granted by the District Judge on March 9, 2022. See ECF No. 55. As a result of the District Judge's order, a number of defendants were dismissed from the action. See id. On July 5, 2023, the remaining defendants – except Defendant Escobar – filed a second motion for summary judgment. See ECF No. 75. That motion was granted by the District Judge on March 29, 2024. See ECF No. 29. As a result of the District Judge's March 29, 2024, order, the only remaining defendant in this action is

Defendant Escobar, against whom Plaintiff alleges retaliation in violation of his rights under the First Amendment.  See id.

On April 18, 2024, Defendant Escobar moved for leave to file a further motion for summary judgment, stating that arguments relating to Plaintiff's claim against Escobar had not been included in the July 5, 2023, motion due to a misreading of the docket and prior orders.  See ECF No. 81.  The Court granted Defendant's motion on April 26, 2024.  See ECF No. 82.  The currently pending motion for summary judgment followed.  Plaintiff has not filed an opposition.

### B. Factual Allegations

Because Plaintiff has not filed an opposition to the pending motion for summary judgment filed by Defendant Escobar, the Court accepts Defendant's statement of Plaintiff's claim as follows:[1]

> Plaintiff Clifford Thomas is an inmate incarcerated by the California Department of Corrections and Rehabilitation (CDCR) who was housed at the California Health Care Facility (CHCF) in Stockton, California, when the events giving rise to his complaint occurred. (Defs.' Separate Statement of Undisputed Facts (DUF) ¶ 1.) Plaintiff has been diagnosed with a seizure disorder that is psychogenic in nature, meaning there is no biological or organic cause that can be found. (DUF ¶ 2.) Plaintiff loses consciousness when he has a seizure and has no memory of what occurred during the seizure. (DUF ¶ 3.)
> Defendant C. Escobar is employed by CDCR as a registered nurse and was assigned to CHF on November 25, 2017, when the events giving rise to Plaintiff's claim against Escobar occurred. (DUF ¶ 4.)
> Plaintiff claims that after he submitted an inmate grievance about an alleged November 12, 2017, excessive use of force incident involving non-party staff member Walters, Walters conspired with medical staff members Barba, Halloran, and Escobar to write Plaintiff a false rules violation report in retaliation for the grievance. (DUF ¶ 5.)

ECF No. 83-1, pgs. 2-3.

///
///
///
///
///

---

[1] Citations are to Defendant's Statement of Undisputed Facts (DUF), which is further summarized in Section II.A.

## II.  THE PARTIES' EVIDENCE

A. **Defendant's Evidence**

Defendant's motion is supported by a memorandum of points and authorities, ECF No. 83-1, a Statement of Undisputed Facts (SUF), ECF No. 83-3, the declaration of Defendant Escobar, ECF No. 83-4, and the transcript of Plaintiff's deposition, which has been lodged.

Defendant asserts that the following facts related to Plaintiff's retaliation claim are undisputed:

> 6. On November 24, 2017, Defendant Escobar was not aware of any grievance that Plaintiff had submitted relating to the November 12, 2017, use-of-force incident, had not spoken to Sergeant Walters, Barba, Holmes, Halloran, or any other staff member, about any grievance Plaintiff had filed, and had never intended to retaliate against Plaintiff for filing grievances or for any other reason. (Escobar Decl. ¶¶ 5, 13-15; Thomas Dep. 85:20-23, 87:1-88:7.)
>
> 7. On November 24, 2017, at approximately 9:05 a.m., Halloran, Barba, and Escobar responded to a medical emergency call in Facility E, saw Plaintiff slumped down in his wheelchair, and attempted to provide medical care and transport Plaintiff to the Standby Emergency Medical Services (SEMS) unit for evaluation, but Plaintiff refused, so Halloran, Barba, and Escobar left the area. (Escobar Decl. ¶ 7; Thomas Dep. 92:3-8, 92:17-94:21.)
>
> 8. Twenty minutes later, at approximately 9:25 a.m., Halloran, Barba, and Escobar again responded to a medical emergency call in Facility E, once again saw Plaintiff slumped in his wheelchair and attempted to transport Plaintiff to SEMS, but Plaintiff again refused. (Escobar Decl. ¶ 8; Thomas Dep. 95:2-4)
>
> 9. After refusing for the second time, Plaintiff began flailing his arms and legs wildly, then stopped and slowly guided himself to the ground, sat up, but refused for the third time to be transported to SEMS. (Escobar Decl. ¶ 9; Thomas Dep. 95:14-24.)
>
> 10. Plaintiff has no memory of what happened on November 24, 2017, but knows that he would have refused to go to SEMS. (Thomas Dep. 95:21-24; 102:5-23.)
>
> 11. Plaintiff's refusal to receive medical treatment or be transported to SEMS caused a substantial delay in programming and medical treatment on the yard for more than forty minutes, with several urgent inmate medical appointments having to be rescheduled, so he was issued a rules violation report for disrupting facility operations. (Halloran Decl. ¶ 15-18 & Ex. A, ECF No. 75-3; Barba Decl. ¶¶ 11-12; Thomas Dep. 99:3-102:1.)

///

12. Issuing the rules violation report reasonably advanced the legitimate correctional goal of maintaining order in the prison by ensuring that programming and facility operations are not disrupted by inmate behavior, as well as documenting instances of Plaintiff's conduct that caused delays so that staff could be aware of the incident in future encounters. (Escobar Decl. ¶ 14.)

ECF No. 83-3, pgs. 2-3.

### B. Plaintiff's Evidence

Plaintiff has not submitted any opposition to Defendant Escobar's motion for summary judgment. Because Plaintiff is pro se, the Court "must consider as evidence in his opposition to summary judgment all of [the] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). Therefore, the Court will also consider as evidence the factual assertions made in Plaintiff's first amended complaint, which is verified.

### III. DISUCSSION

In the unopposed motion for summary judgment, Defendant Escobar argues that summary judgment is appropriate because Escobar was not aware that Plaintiff had previously submitted an inmate grievance. See ECF No. 83-1.

In order to prevail on a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must prove a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also

6

Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to prevail on a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

> According to Defendant:
>
> . . .Plaintiff alleged in his operative complaint that non-party sergeant Walters conspired with Halloran, Barba, and Escobar to retaliate against him for filing a grievance, however, the undisputed evidence in this case shows that Halloran, Barba, and Escobar never knew about or saw Plaintiff's grievance and had never spoken to Walters about Plaintiff's grievance. (DUF ¶ 6.) Plaintiff cannot show that Escobar was aware of his grievance, and thus, he cannot show that his protected conduct in submitting the grievance was the substantial or motivating factor behind the issuance of the rules violation report. . . .

ECF No. 83-1, pg. 7.

Defendant's argument is persuasive.  A necessary element of a retaliation claim is that the defendant's adverse action must have been motivated by the plaintiff's protected conduct.  Assuming that Defendant Escobar indeed took some adverse action against Plaintiff, the undisputed evidence shows that Escobar did not do so because Plaintiff had previously filed grievances against other prison staff.  Escobar simply had no knowledge of such grievances prior to the events of November 24, 2017.  Defendant Escobar states as follows in his declaration:

> 5.      On November 24, 2017, I was not aware that Thomas had filed a grievance relating to the November 12, 2017, use-of-force incident. I have never reviewed Thomas's grievance history and never spoke with Sergeant Walters about any grievance Thomas filed relating to the November 12, 2017, incident. I was never told by Walters to punish or retaliate against Thomas in any way for filing a grievance or for any other reason. I never agreed to falsify any reports and have never come to any agreement with Walters, Barba, Holmes, Halloran or any other staff member with respect to Thomas.

ECF No. 83-4, pg. 2.

The Court finds that Defendant has met the initial summary judgment burden of pointing to evidence showing that Plaintiff cannot establish the required causal link to prevail on his retaliation claim.  As stated above, Plaintiff has not filed an opposition to Defendant's motion for summary judgment.  Further, considering Plaintiff's verified amended complaint as his

7

declaration, the Court finds nothing in Plaintiff's allegations which would create a genuine dispute as to the issue of Escobar's knowledge of Plaintiff's grievance history prior to November 24, 2017.

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants Escobar's unopposed motion for summary judgment, ECF No. 83, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE